NEW YORK PRACTICE REPORTS. 239

Van Valkenburgh agt. Mayor, &c., of New York.

---

## SUPREME COURT.

ROMEYN VAN VALKENBURGH agt. THE MAYOR, &C., OF NEW YORK.

No *act* of the legislature appointing *commissioners* to perform certain duties in and for the city of New York, is binding upon the city, where there is no *acceptance* of the act by the *corporation*.

*New York General Term, January*, 1865.

*Before* LEONARD, P. J., BARNARD *and* SUTHERLAND, *Justices.*

APPEAL from judgment at Special Term.

*for plaintiff.*

JOHN E. DEVELIN, *Corporation Counsel for defendants.*

By the Court, BARNARD, J. The legislature of the state of New York (*Sess. Laws*, 1860, *chap.* 505, *page* 1003), enacted that certain persons therein named be constituted a board of commissioners " to locate and erect in the city of New York a suitable building, to be used as a court house and place of detention of persons brought to the police court in said district, and the ground and buildings so to be purchased and erected shall be the property of the city of New York."

It is also, by the act, provided that the board of super-
visors of the county of New York shall levy by tax an
amount not exceeding $50,000. Under this act the com-
missioners have selected and agreed to buy of plaintiff for
and on behalf of the city the lands described in the com-
plaint, and the city refuses to accept the deed, and the
plaintiff brings this action against the corporate authori-
ties to compel a specific performance of the contract. The
defendant, by demurrer, presents this question — are the
defendants liable for the acts of this commission? If these
commissioners are by force of the act agents of the city,
then this demurrer is not well taken, and plaintiff is enti-
tled to judgment.

The first case in our court which I find bearing upon
this question is *Appleton* agt. *The Water Commissioners of
New York*, (2 *Hill*, 432). These commissioners were ap-
pointed by the governor and senate to construct the Cro-
ton aqueduct for the benefit and at the expense of the city
of New York. It was held that the water commissioners
were not liable, and that the remedy was against the city.
The reasons for this judgment are not given.

In *Clark* agt. *The Mayor, &c., of New York*, (4 *Comstock*,
338), it was decided that the judgment, for work done un-
der a contract with the Croton Water Commissioners,
against the Mayor be reversed for errors on the trial, and
the question of the defendants' liability is not noticed.

In the case of *Bailey et al.* agt. *The Mayor, &c., of New
York* (5 *Hill*, 531), it was distinctly adjudged that the Wa-
ter Commissioners were the agents of the city, but upon the
ground that by the terms of the Water Commissioners' act
the city had the power to accept the charter or reject it,
and the common council did by resolution accept it, Mr.
Justice NELSON using this language : "The acceptance was
entirely voluntary, for the state could not enforce the
grant upon the defendants against their will. This would
be so on general principles (*Angel and Ames on Corporations,*

46, 50, *and cases cited*); but here the charter itself. left it optional with the common council to accept or not."

This last case went to the court of errors, (*The Mayor, &c., of New York* agt. *Bailey*, 2 *Denio*, 433), and was affirmed; one senator only — senator BARLOW — holding the broad principle that the act of itself made the commissioners agents of the city.

I think, therefore, that the cases fail to establish the agency of the commissioners for the defendant in this case, where there was no acceptance of the act by the defendants.

It requires clear authority to warrant this claim. An agent established by law to purchase property for the defendant, and at its expense and without its consent, is an extraordinary assumption of power. I cannot yet assent to it.

Judgment affirmed, with costs.

LEONARD and SUTHERLAND, JJ., concurred.